UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BOBBY G. TODD, | No. 3:13-cv-01859-HU |
|     Plaintiff, | **INITIAL REVIEW ORDER** |
|     v. | **and** |
| STATE OF OREGON, et al., | **FINDINGS AND RECOMMENDATION** |
|     Defendants. | |

HUBEL, Magistrate Judge:

    Plaintiff Bobby Todd ("Plaintiff") brings this action pro se against the State of Oregon, Washington County and the City of Portland (collectively, "Defendants"). Plaintiff's complaint alleges a single claim for violation of the First Amendment of the United States Constitution, which invokes this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. The entirety of Plaintiff's allegations in support of his First Amendment claim are as follows: "City of Portland is not allowing place for homeless. Washington County allowed, with knowledge false criminal charges to be prosecuted against [Plaintiff]. State of Oregon in conspiracy

Page 1 - INITIAL REVIEW ORDER and F&R

to violate Constitutional freedoms, with knowledge of [P]laintiff['s] relig[i]ous and political view for an ongoing train of abuses." (Compl. at 3.) Plaintiff seeks damages in the amount of one billion dollars. (Civil Cover Sheet at 1.)

Now before the Court is Plaintiff's application to proceed in proceed in forma pauperis and motion for appointment of pro bono counsel. The application (Docket No. 1) to proceed in forma pauperis is granted solely for the purpose of this Initial Review Order. For the reasons stated below, however, Plaintiff's complaint should be dismissed with prejudice and Plaintiff's motion (Docket No. 3) for appointment of pro bono counsel should be denied as futile.

## I. PLAINTIFF'S LITIGATION HISTORY

The Court begins by noting that Plaintiff is no stranger to the federal court system here in Oregon. Taken cumulatively, the cases described below appear to have addressed and disposed of the very allegations underlying Plaintiff's complaint. For example, Plaintiff once brought an action pro se on behalf of himself and the "People of the United States," against President Barack Obama, the State of Oregon and Washington County. Todd v. Obama, No. 3:11-00715-AC, slip op. at 2 (D. Or. Nov. 9, 2011) (Simon, J.). Plaintiff alleged, in relevant part, that: (1) the State of Oregon knowingly allowed violations of the United States Constitution as a means of implementing political objectives; (2) the State of Oregon fabricated "false process delivery charges" and participated in depriving citizens the right to bear arms; (3) Washington County refused to stamp subpoenas and charged Plaintiff with the crime of "false process delivery"; and (4) Washington County participated in

forms of "torture, isolation, refused dental attention, and theft of property."  *Id.*

After confirming the provisional in forma pauperis status given to Plaintiff, Judge Simon dismissed his complaint, without service of process, pursuant to 28 U.S.C. § 1915(e).  *Id.* at 1. Notably, Judge Simon determined that Plaintiff's claim against the State of Oregon was frivolous and subject to sua sponte dismissal based on the fact that states are not persons for purposes of 42 U.S.C. § 1983 and the fact that the State of Oregon has not consented to be sued in federal court or otherwise waived its immunity.  *Id.* at 4-5.  Judge Simon also determined that Plaintiff's claims against Washington County must be dismissed because he did not allege any facts establishing municipal liability.  *Id.* at 6.  Because it was clear to Judge Simon that Plaintiff could not cure these deficiencies by amendment, he ordered that the dismissal was with prejudice.  *Id.*

Roughly a year later, in a somewhat analogous case, Judge Brown granted an application to proceed in forma pauperis and dismissed Plaintiff's complaint with prejudice, where he alleged, *inter alia*, that the United States Government was violating the First Amendment rights of citizens by "allowing foreign nationals to commit crimes on our lands and attack our people with chemical, biological, and other weapons."  Todd v. United States, 3:12-cv-01961-BR, slip op. at 1-2 (D. Or. Nov. 29, 2012).

About four months later, on March 20, 2013, Judge Jelderks granted an application to proceed in forma pauperis in a separate proceeding, dismissed Plaintiff's complaint against the City of Portland and State of Oregon with prejudice, and denied Plaintiff's

Page 3 - INITIAL REVIEW ORDER and F&R

motion for appointment of pro bono counsel as futile. *Todd v. City of Portland*, No. 3:12-cv-2239-JE, 2013 WL 1562965, at *1-3 (D. Or. Mar. 20, 2013).[1] In that case, Plaintiff "allege[d] that the City of Portland and State of Oregon have taken the property of 'homeless people' and discriminated against Plaintiff and all American citizens in favor of 'illegal foreign nationals.'" *Id.* at *1. He further alleged that "the City of Portland [wa]s using 'their Parks department to attack homeless people by taking their property and not enforcing laws to protect the general public,'" *id.*, and that the State of Oregon was "pursuing a pattern of discrimination against American citizens 'in favor of illegal foreign nationals because of their money benefits' which [wa]s 'creating a slave class and causing the death of American citizens,'" *id.*

Citing Eleventh Amendment immunity principles, Judge Jelderks concluded that Plaintiff's claims against the State of Oregon necessarily failed. *Id.* at *2. Judge Jelderks similarly concluded that Plaintiff's claims against the City of Portland should be dismissed for failure to state a claim:

> Plaintiff's claims against the City of Portland should be dismissed for failure to state a claim. As a threshold matter, Plaintiff lacks standing to bring any claim based on allegations that the City is using its Parks Department to 'attack homeless people by taking their property' and 'failing to enforce laws to protect the general public.'
>
> Furthermore, municipalities may only be held liable under § 1983 if the alleged constitutional deprivation is the result of execution of a municipality's governmental policy or custom.

---

[1] Judge Mosman adopted Judge Jelderks' Findings and Recommendation as his own opinion on April 10, 2013.

Page 4 - INITIAL REVIEW ORDER and F&R

> Even construing the pleadings liberally, the allegations against the City of Portland fail to support a claim upon which relief can be granted. Plaintiff's allegation that the 'Parks Department left an eviction type notice' at his camp in Forest Park is insufficient to assert constitutional violations by the City of Portland. Likewise, Plaintiff's allegation that Portland Police failed to take a report about 'assaults and gunfire' is overly vague and ultimately insufficient to support a claim against the City of Portland for any deprivation of Plaintiff's constitutional rights.
>
> Plaintiff has not alleged any facts that might subject any of the named defendants to liability under any cognizable legal theory. Therefore, Plaintiff's complaint should be dismissed and, because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

*Id.* at *2-3 (internal citations omitted).

## II. LEGAL STANDARD

It settled law that a district court must undergo a preliminary screening of an in forma pauperis complaint and dismiss any claims which: (1) fail to state a claim on which relief may be granted; (2) are frivolous or malicious; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners).

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a pro se litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is

Page 5 - INITIAL REVIEW ORDER and F&R

inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, stating a claim requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Along similar lines, a district court may dismiss a claim as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim may also "be dismissed as frivolous where a defense is obvious on the face of the complaint." *Harris v. Rodriguez*, No. 1:12-cv-00891, 2012 WL 4210118, at *4 (E.D. Cal. Sept. 18, 2012) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984)).

### III. DISCUSSION

**A.   State of Oregon**

Plaintiff brings a First Amendment claim against the State of Oregon based on an alleged "conspiracy to violate Constitutional freedoms, with knowledge of [P]laintiff['s] relig[i]ous and political view[s]." (Compl. at 3.) Although the complaint itself does not specify a statutory basis for his First Amendment claim, the Court presumes Plaintiff's claim against the State of Oregon is brought pursuant to 42 U.S.C. §§ 1983 and/or 1985. Section 1983 "authorizes a remedy against state actors for constitutional

Page 6 - INITIAL REVIEW ORDER and F&R

violations," *Cerrato v. San Francisco Cmty. College Dist.*, 26 F.3d 968, 972 n.5 (9th Cir. 1994), while § 1985 "authorizes a remedy against state actors who have conspired to deprive an individual of his civil rights." *Id.* at 972 n.6.

The doctrine of sovereign immunity, which is set out in the Eleventh Amendment, applies when civil rights claims are brought against the State of Oregon. *See Young v. Hawaii*, 911 F. Supp. 2d 972, 982 (D. Haw. 2012) (making an analogous observation). Under this doctrine, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Howard v. Oregon Dep't of Corrections*, No. 6:10-cv-06390-AA, 2013 WL 4786483, at *2 (D. Or. Sept. 5, 2013).

There are exceptions to the doctrine of sovereign immunity, however. "When acting pursuant to its authority under § 5 of the Fourteenth Amendment, Congress can abrogate the sovereign immunity of the states." *Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007). The doctrine "also does not bar suits for prospective injunctive relief against individual state officials acting in their official capacity."[2] *Id.* "Moreover, a state may waive its Eleventh Amendment immunity—by, for example, removing an action to federal court." *Id.*

Congress did not abrogate the sovereign immunity of the states when enacting §§ 1983 and 1985. *Young*, 911 F. Supp. 2d at 983; *see also Pittman*, 509 F.3d at 1071 (collecting cases). In addition, the State of Oregon did not remove this action to federal court,

---

[2] Plaintiff has not sought prospective injunctive relief in this action.

Page 7 - INITIAL REVIEW ORDER and F&R

nor does it appear that the State of Oregon has waived its sovereign immunity from suit in federal court for civil rights actions. *See McCall v. Oregon*, No. 3:12-CV-00465-PK, 2013 WL 6196966, at *8 (D. Or. Nov. 13, 2013) ("The State of Oregon has not waived its immunity [in this § 1983 case].") In light of the fact that the State of Oregon is immune from suit, the Court concludes that Plaintiff's First Amendment claim against is the State of Oregon is frivolous and, therefore, should be dismissed with prejudice.

**B.   Washington County**

Plaintiff brings a First Amendment claim against Washington County based on the knowing allowance of "false criminal charges to be prosecuted against [him]." (Compl. at 3.) Local governmental units or municipalities, such as Washington County, can be sued as a person under § 1983 when official policy results in a constitutional violation. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978)). In order to establish *Monell* liability, Plaintiff must prove: "(1) that [he] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [his] constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted).

In addition to failing to satisfy Rule 8 and the facial plausibility standard, it appears that Judge Simon addressed and

Page 8 - INITIAL REVIEW ORDER and F&R

disposed of Plaintiff's claims against Washington County regarding the prosecution of "false criminal charges." As in the case before Judge Simon, Plaintiff's claim against Washington County cannot be cured through amendment. Accordingly, Plaintiff's claim against Washington County should be dismissed with prejudice.

**C.     City of Portland**

Lastly, Plaintiff brings a First Amendment claim against the City of Portland for "not allowing [a] place for homeless." (Compl. at 3.) The Ninth Circuit specifically addressed how a plaintiff could establish *Monell* liability against the City of Portland in *Price v. Sery*, 513 F.3d 962 (9th Cir. 2008). As the Ninth Circuit explained,

> The Supreme Court has held that municipalities may be held liable as 'persons' under § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate.

*Id.* at 966 (internal quotation marks and citations omitted).

In addition to failing to satisfy Rule 8 and the facial plausibility standard, it appears that Judge Jelderks addressed and disposed of Plaintiff's claims against the City of Portland relating to the treatment of homeless people. As in the case before Judge Jelderks, Plaintiff's allegations against the City of Portland cannot be cured through amendment. Accordingly,

Page 9 - INITIAL REVIEW ORDER and F&R

Plaintiff's claim against the City of Portland should be dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated, Plaintiff's application (Docket No. 1) to proceed in forma pauperis is granted solely for the purpose of this Initial Review Order, Plaintiff's complaint should be dismissed with prejudice, and Plaintiff's motion (Docket No. 3) for appointment of pro bono counsel should be denied as futile.

### V. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **February 24, 2014.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **March 13, 2014.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 3rd day of February, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 10 - INITIAL REVIEW ORDER and F&R